# In the United States Court of Federal Claims

No. 19-529C
(Filed: October 7, 2019)

|  |  |
|---|---|
| STEFANI GIBSON,<br><br>        *Pro Se* Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>        Defendant. | *Pro Se*; Equal Pay Act; Statute of Limitations; Motion to Dismiss; RCFC 12(b)(6); 29 U.S.C. § 255(a); 29 U.S.C. § 206(d); Improper Comparators |

**ORDER GRANTING MOTION TO DISMISS**

The plaintiff, Stefani Gibson, an employee of the Securities and Exchange Commission ("SEC"), alleges that she was subject to gender-based discrimination when the SEC paid her less than two male employees in violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d).[1] Specifically, the plaintiff claims that she, as a Personnel Security Specialist, was paid less than two named male co-workers employed as Physical Security Specialists for performing substantially the same work starting in July 2014. The plaintiff filed her complaint on April 5, 2019.

---

[1] 29 U.S.C. § 206(d)(1) states "[n]o employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."

On May 31, 2019, the defendant, the United States (the "government"), moved to dismiss the plaintiff's claims. (Doc. No. 6) ("Def.'s MtD"). The government presents separate arguments for paychecks issued prior to April 5, 2016, between April 5, 2016 and June 8, 2016, and after June 8, 2016. First, the government seeks to dismiss plaintiff's claims prior to April 5, 2016 for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") on the grounds that the plaintiff's claims are barred by the EPA's statute of limitations, 29 U.S.C. § 255(a). This court has repeatedly held that the EPA's statute of limitations period is non-jurisdictional and therefore not the proper subject of an RCFC 12(b)(1) motion. *See Jordan v. United States*, 122 Fed. Cl. 230, 240 n.19 (2015); *Lange v. United States*, 79 Fed. Cl. 628, 631 (2007) (observing that "the doctrine of equitable tolling can be applied to the [Equal Pay Act's] statute of limitations"). Therefore, a statute of limitations defense based on the EPA must be raised as an affirmative defense, which the government did in its motion to dismiss. Accordingly, the court addresses the government's argument on the limitations period as a matter to be addressed under RCFC 12(b)(6) for failure to state a claim.

Second, the government argues that the plaintiff has failed to state a claim for paychecks issued between April 5, 2016 and June 8, 2016 on the grounds that the plaintiff failed to allege that the male employees she identified performed equal work and that the record shows that the decision to not adjust her pay was unrelated to her sex. In this connection, the government submitted an appendix to its motion including job

2

descriptions for a Personnel Security Specialist, Security Specialist, and Management and Program Analyst. These positions were all referenced in the plaintiff's complaint.

Third, the government contends that the plaintiff failed to state a claim for paychecks issued after June 8, 2016. The government argues that the plaintiff failed to identify a male employee performing equal work to the plaintiff and receiving a higher salary after June 8, 2016 because the plaintiff was reassigned to a new position as a Management and Program Analyst with different responsibilities.

The plaintiff filed a response on July 1, 2019. (Doc. No. 7). Much of the plaintiff's response focuses not on work performed by the identified male employees but argues that the plaintiff was entitled to a higher pay than the male employees because of her superior qualifications. The plaintiff also contends that the two male employees did not meet the requirements to be Security Specialists and that the male employees' positions were more in line with the job description of a Physical Security Specialist rather than a Security Specialist. The plaintiff attached eighteen exhibits including statements of work for the Analyst and Security Specialist II positions and notices of personnel action from the SEC regarding the plaintiff's change of position. Those notices of action indicate that the plaintiff was paid as a Personnel Security Specialist through June 8, 2016.

For the reasons discussed below, the court finds that any claims for paychecks received by plaintiff for her work as a Personnel Security Specialist before April 5, 2016 are barred by the EPA's statute of limitations and must be dismissed for failure to state a claim. For paychecks between April 5, 2016 and June 8, 2016, the plaintiff has failed to state a claim because she did not any identify male employees who performed work equal

3

to her work as a Personnel Security Specialist. Regarding paychecks issued after June 8, 2016, the plaintiff has failed to state a claim because she was reassigned to a new position as a Management and Program Analyst and she has not identified any male employee that has received more pay for equal work based on that job category. Therefore, the court **GRANTS** the government's motion to dismiss.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are taken from the plaintiff's complaint. In October 2013, the SEC hired Mr. John Rossiter as a Physical Security Specialist at the SEC. Compl. ¶ 2. In July 2014, the plaintiff was hired as a Personnel Security Specialist at the SEC. *Id.* ¶ 1. In August 2014, Mr. LeRoy Woodall was hired as a Physical Security Specialist. *Id.* at ¶ 5. The plaintiff, Mr. Rossiter, and Mr. Woodall were hired at a GS-0080, SK-13 pay level. *Id.* at ¶¶ 1, 2, 5. Mr. Rossiter and Mr. Woodall, however, each received a higher starting salary than the plaintiff. *Id.* at ¶ 6.

The plaintiff alleges that her duties included: "adjudicating personnel background investigations and reviewing, editing and updating Personnel and Physical Security's and Continuity of Operation Plan (COOP) policies and procedures." *Id.* at ¶ 16.

On September 23, 2014, the plaintiff emailed the Pay Transition Process Team to request that her pay be reconsidered because it was not initially determined according to the relevant SEC pay matrix and because the plaintiff had not included her military and educational background on her resume. *Id.* at ¶ 17; *id.* at Ex. E. The plaintiff's request for pay review was successfully submitted on October 14, 2014. *Id.* at ¶ 8; *id.* at Ex. D.

On January 8, 2015, the plaintiff was placed on Indefinite Suspension because the plaintiff's security clearance was suspended. *Id.* at ¶ 23. On June 11, 2015, while the plaintiff was suspended, the SEC sent an email to the plaintiff's government email informing her that the SEC had rejected her Pay Transition application "due to a discipline or performance issue." *Id.* at ¶ 21; *id.* at Ex. G.

On October 31, 2015, the plaintiff's security clearance was reinstated. *Id.* at ¶ 22. In November 2015, the plaintiff was involuntarily removed from her position as a Security Specialist and then placed in a Management and Program Analyst position. *Id.* at ¶ 24.

On January 11, 2016, the plaintiff became aware of the SEC's decision finding her ineligible for the Pay Transition. *Id.* at ¶ 25. Thereafter, the plaintiff spoke to her supervisor and the Human Capital Officer regarding the decision. *Id.* at ¶ 26.

On April 1, 2016, an Attorney-Advisor from the Office of Human Resources informed the plaintiff that her Pay Transition application was properly denied because an unpaid suspension met the Pay Transition program's definition of discipline. *Id.* at Ex. J. The Attorney-Advisor also stated that even if the suspension had not occurred, the plaintiff was not eligible to receive a salary increase via Pay Transition because applicants determined to be eligible for a pay adjustment of less than 5% are not entitled to the pay increase. *Id.* The plaintiff saw the Attorney-Advisor's April 1, 2016 email on April 5, 2016. *Id.* at ¶ 29. Plaintiff thereafter participated in a mediation process to reach a settlement with the SEC. The sessions were conducted on December 22, 2016, April 13,

2018, February 13, 2019, and March 28, 2019. *Id.* at ¶ 30. The mediation process was unsuccessful.

The plaintiff filed her complaint with this court on April 5, 2019. The government moved to dismiss the case for lack of subject matter jurisdiction and for failure to state a claim on May 31, 2019. Briefing on the government's motion was completed on July 15, 2019.

## II.  LEGAL STANDARDS

### A.  Subject Matter Jurisdiction

A plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence when jurisdiction is challenged pursuant to RCFC 12(b)(1). *Trusted Integration, Inc. v. United States*, 695 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)); *Grayton v. United States*, 92 Fed. Cl. 327, 331 (2010). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983)).

### B.  Failure to State a Claim

It is well settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Welty v. United States*, 926 F.3d 1319, 1321 (Fed. Cir. 2019) (quoting *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002)). Plaintiffs will survive a motion to dismiss for failure to

state a claim when they allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court "must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009).

Additionally, in "deciding whether to dismiss a complaint under Rule 12(b)(6), courts are 'not limited to the four corners of the complaint.'" *Bowers Inv. Co. LLC v. United States*, 104 Fed. Cl. 246, 253 (2011) (quoting *Kawa v. United States*, 77 Fed. Cl. 294, 307 (2007)). Therefore, although the court focuses its review on the allegations in the complaint, the court may also consider "'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)). "Courts have 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion' and rely upon that material." *Toon v. United States*, 96 Fed. Cl. 288, 296 (2010) (quoting 5C Wright & Miller, § *Federal Practice and Procedure* 1366 (3d ed. 2004)).

### III. DISCUSSION

#### A. This Court Does Not Have Jurisdiction Over Retaliation Claims

As a preliminary matter, to the extent the plaintiff is challenging the decision to reject her Pay Transition application, suspend her security clearance, and move the

plaintiff into the Management and Program Analyst position as retaliatory actions, which she has claimed in her response brief, the court does not have jurisdiction to review those claims. *See* Pl.'s Resp. at 10 ("The Plaintiff, Stefani Gibson argues that the SEC reassigned her to another position in retaliation in connection with suspension of security clearance.") (Doc. No. 8). A claim for retaliation may be rooted in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The Federal Circuit has held that retaliation claims under the FSLA sound in tort and are outside the jurisdiction of this court. *See Jentoft v. United States*, 450 F.3d 1342, 1342 (Fed. Cir. 2006) (stating that the Court of Federal Claims "lacked subject matter jurisdiction to consider Jentoft's retaliation claim" regarding conduct in response to her complaints of "gender-based pay discrimination").[2]

### B.   Claims For Paychecks Issued Prior To April 5, 2015 Are Time-Barred

The government argues that the plaintiff's claims for paychecks issued prior to April 5, 2015 claims should be dismissed "because she filed her complaint outside the statute of limitations" of the EPA. Def.'s MtD at 7. The plaintiff's complaint was filed on April 5, 2019. The government argues that any claims arising prior to April 5, 2016 are barred by the EPA's statute of limitations. The plaintiff does not respond to this argument.

---

[2] Similarly, a Title VII retaliation claim under the Civil Rights Act pursuant to 42 U.S.C. § 2000e *et seq.*, may only be brought in district court and is outside this court's jurisdiction. *See, e.g., Gimbernat v. United States*, 84 Fed Cl. 350, 354 (2008); 42 U.S.C. § 2000e-5(f)(3).

Generally, "[a] claim brought under the [EPA] must be filed within two years from the time of accrual." *Jordan*, 122 Fed. Cl. at 238 (citing 29 U.S.C. § 255(a)); *see also Santiago v. United States,* 107 Fed. Cl. 154, 158 (2012). However, "where an employer willfully violates the [EPA], the limitations period is extended to three years." *Jordan*, 122 Fed. Cl. at 238 (citing 29 U.S.C. § 255(a)).[3] "Under the [EPA], a claim accrues every time an allegedly insufficient paycheck is issued." *Id.* at 239 (citing *Santiago*, 107 Fed. Cl. at 159; *Lange*, 79 Fed. Cl. at 631; *Weber v. United States*, 71 Fed. Cl. 717, 725 (2006)). Additionally, "the doctrine of equitable tolling can be applied to the EPA's statute of limitations." *Lange*, 79 Fed. Cl. at 631. The government argues that "any paychecks issued prior to April 5, 2016" are time-barred and must be dismissed. Def.'s Reply at 2 (Doc. No. 9).

The court finds that the plaintiff's claims arising prior to April 5, 2016 are barred by the EPA's statute of limitations. Because a claim accrues when the paycheck is issued, the plaintiff's claims for paychecks issued prior to April 5, 2016 accrued more than three years prior to her filing the instant complaint, outside of the longest EPA limitations period. In addition, although the plaintiff states that she only became aware that she was ineligible for a pay increase as of January 11, 2016, her claims prior to April 5, 2016 are

---

[3] A "willful violation" exceeds negligence and occurs where "the agency knew that its conduct was prohibited by the Act or showed reckless disregard of the requirements of the Act." 5 C.F.R. § 551.104. "Reckless disregard" means "failure to make adequate inquiry into whether conduct is in compliance with the Act." *Id.* While the government does not concede that the SEC acted willfully and that this court has jurisdiction over the remaining paychecks issued after April 5, 2016 for the plaintiff's role as a Personnel Security Specialist, the government's reply states that it does "not seek the dismissal of these five paychecks on jurisdictional grounds at this time." Def.'s Reply at 3.

9

still time-barred. Even if the court were to equitably toll the statute of limitations until January 11, 2016, the plaintiff's claims were still filed more than three years after the tolling period.

### C. Plaintiff Has Failed To State An EPA Claim For Paychecks Issued Between April 6, 2016 And June 8, 2016

The government argues plaintiff has failed to state a claim for the five paychecks issued on April 12, 2016, April 26, 2016, May 10, 2016, May 24, 2016, and June 7, 2016 because she has not alleged facts to show that the male employees she identified have the same duties as the duties of her position. Def.'s Reply at 3. The government argues that the male comparators she identified hold different titles and have vastly different duties from the plaintiff's as a Personnel Security Specialist. Def.'s MtD. at 9. In support of its argument, the government provided an appendix with the position descriptions for the plaintiff's job and the jobs of the males she identified as comparators in her complaint. *See id.* at Def.'s App. 1-15.

The plaintiff responds by arguing that the two male employees' job positions are more in line "with the description of a Physical Security Specialist and not of a Security Specialist." Pl.'s Opp. at 11. She also argues that the male employees do not meet the qualifications of the Security Specialist Position as described in the position descriptions attached to the government's motion to dismiss and that the SEC did not adhere to proper procedures when determining the comparators' salaries. *Id.* at 11-12 (referencing Def.'s App. 6-10).

The EPA requires that equal wages be paid to members of both sexes "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d); *see* 29 C.F.R. § 1620.13(a) ("The equal work standard does not require that compared jobs be identical, only that they be substantially equal."). A plaintiff "may establish a prima facie case of a violation by showing that she was paid 'at a rate less than the rate' of her male counterparts for 'work . . . requir[ing] equal skill, effort, and responsibility'; and if that is shown, the burden shifts to the government to prove that the payment system in question falls into one of the four enumerated exceptions." *Kaplan v. United States*, 727 Fed. App'x 1011, 1015 (Fed. Cir. 2018) (citing *Yant v. United States*, 588 F.3d 1369, 1372 (Fed. Cir. 2009)).

Thus, to state a claim a plaintiff must identify "a particular 'comparator' for a 'factor by factor' comparison." *Santiago*, 107 Fed. Cl. at 158 (quoting *Strag v. Bd. of Trs.*, 55 F.3d 943, 948 (4th Cir. 1995)); *see Ellison v. United States*, 25 Cl. Ct. 481, 486-87 (1992) (explaining that "[i]n the context of an [EPA] analysis of two jobs, 'equal' does not mean 'identical,' rather the jobs must require similar skills, effort and responsibility under similar working conditions.").[4] In evaluating EPA claims, the court compares the "primary duties of each job." *See Cooke v. United States*, 85 Fed. Cl. 325, 342 (2008).

---

[4] "Skill includes consideration of such factors as experience, training, education, and ability." 29 C.F.R. § 1620.15(a). "Responsibility is concerned with the degree of accountability required in the performance of the job, with emphasis on the importance of the job obligation." 29 C.F.R. § 1620.17(a). "Effort is concerned with the measurement of the physical or mental exertion needed for the performance of a job." 29 C.F.R. § 1620.16(a).

11

Here, the court finds that the plaintiff has failed to allege sufficient facts to show that she has not received equal pay for "equal work on jobs the performance of which requires equal skill, effort, and responsibility." 29 U.S.C. § 206(d)(1). The plaintiff alleges that her job included "adjudicating personnel background investigations and reviewing, editing and updating Personnel and Physical Security's and [COOP] policies and procedures." Compl. ¶ 16; see Def.'s App. at 2 (a "personnel security specialist is responsible for determining the suitability and security eligibility of individuals," reviews "reports of investigations[,]" and "[e]nsures the personnel security policies and procedures are implemented within the agency"). In contrast, the position of "Physical Security Specialist" which plaintiff relies on for comparison, involves very different responsibilities. See Compl. ¶ 2-3 (identifying the comparators position at as "Security Specialist (Physical)"). A Physical Security Specialist as evidenced by the description attached to plaintiff's opposition, concerns work involving "the physical protection of sensitive or classified information, . . . or processes against which criminal, terrorist, or hostile intelligence activities." Pl.'s Opp. Ex. A at 8. Physical Security Specialists "conduct surveys and analyses to identify how critical and vulnerable facilities or sites are and threats against them." Id. [5] The primary objective of the Physical Security

---

[5] The court may properly consider the government's and the plaintiff's appendix in this case. The government's appendix provides job descriptions for the positions directly referenced in the plaintiff's complaint. As discussed above, the court may consider "matters incorporated by reference or integral to the claim." A&D Auto Sales, 748 F.3d at 1147 (Fed. Cir. 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)). The court here finds that the job descriptions provided by the government in its motion to dismiss for the positions of the comparators are incorporated by reference and integral to the plaintiff's claim.

Specialist is "to provide support in the operations, control, and coordination of a variety of projects to support safety, security and emergency preparedness program initiatives and improvements." *Id.* Plaintiff has therefore failed to identify a valid "comparator" under the EPA, and her claims for paychecks issued between April 6, 2016 and June 8, 2016 must be dismissed.

That the plaintiff contends that the identified comparators' work was more in line with a "Security Specialist II" for the Physical Security Operations Branch instead of the "Physical Security Specialist" position actually held by the comparators does not alter this conclusion. The plaintiff has not demonstrated that the comparators' positions, even if the positions' duties are those of a Physical Security Specialist, involve duties equal to her former position as a Personnel Security Specialist. *See* Pl.'s Opp. at 11. The position of Security Specialist II involves work that is very different than what plaintiff alleges she did as a Personnel Security Specialist. *See id.* at Ex. L at 2 (the Security Specialist II Physical Security Specialists' work is concerned "primarily with the physical protection of sensitive or classified information, . . . or processes against criminal, terrorist, or hostile intelligence activities"). The Security Specialist II maintains "security related databases," provides "support, audits, write reports, make recommendations, conduct surveys" on various "safety, security and emergency preparedness related programs." *Id.* The plaintiff's alleged duties, as discussed above, included "adjudicating personnel

---

Additionally, because the plaintiff's opposition references these attachments and also included attachments of her own regarding the comparator positions, all of these descriptions are integral to the plaintiff's claims.

background investigations and reviewing, editing and updating Personnel and Physical Security's and [COOP] policies and procedures." Compl. ¶ 16. Therefore, even if the comparators performed the work of a Security Specialist II, the plaintiff has not stated a claim under the EPA for unequal pay in connection with her position as a Personnel Security Specialist.[6]

### D. Plaintiff Has Not Stated A Claim For Paychecks Issued After June 8, 2016

The government argues that "any paychecks issued after June 8, 2016" do not relate to the plaintiff's "former role as a Personnel Security Specialist and, as such, are not alleged to have been insufficient." Def.'s Reply at 2; Def.'s MtD. at 7-8. The plaintiff has not responded to this argument. The court agrees that the plaintiff cannot state a claim under the EPA regarding paychecks she received after June 8, 2016 when she was no longer working and being compensated as a Personnel Security Specialist. Importantly, the plaintiff failed to identify any male employees who receive more than she is paid in her current position as a Management and Program Analyst. As such, she has failed to state a claim for violation of the EPA for this period. *See Branch v. United States*, 101 Fed. Cl. 411, 414 (2011) (citing *Yant v. United States*, 588 F.3d 1369, 1374 (Fed. Cir. 2009)).

---

[6] The plaintiff's assertions that the comparators identified in the complaint are not qualified for the positions is of no moment in deciding if plaintiff has stated an EPA claim. *See* Pl.'s Opp. at 11-12. "The Equal Pay Act prohibits employers, including the federal government, from discriminating in its pay practices on the basis of gender." *Jordan*, 122 Fed. Cl. at 240. This is not an avenue for challenging other employment practices.

14

## CONCLUSION

For the above-mentioned reasons, the government's motion to dismiss is **GRANTED** and the plaintiff's complaint is **DISMISSED**. The Clerk of the Court is directed to dismiss the plaintiff's complaint for failure to state a claim pursuant to RCFC 12(b)(6).

**IT IS SO ORDERED.**

_____
NANCY B. FIRESTONE
Senior Judge